| Fill in this information to identify your case: | For amended plans only: |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE EASTERN DISTRICT OF TEXAS | ☐ Check if this amended plan is filed prior to |
| Debtor 1  **Melissa**  **Leidy**  **Garcia**<br>First Name  Middle Name  Last Name | ☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an |
| Debtor 2<br>(filing spouse)  First Name  Middle Name  Last Name | List the sections which have been changed by |
| Case number:  **20-42079** | _____<br>_____<br>_____<br>_____ |

**TXEB Local Form 3015-a**

# CHAPTER 13 PLAN

**Adopted: Dec 2017**

| Part 1: | Notices |
|---|---|

**To Debtor*:** This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you**

* The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

confirmation of this Plan. An objection to confirmation must be filed at **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check on box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if*

| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☒ Not included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan. | ☐ Included | ☒ Not included |
| 1.4 | Nonstandard provisions as set forth in Part 8. | ☐ Included | ☒ Not included |

Debtor **Melissa Leidy Garcia**     Case number **20-42079**

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1** The applicable commitment period for the Debtor is **60** months.

**2.2 Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date* or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable (the **"Plan Term"**). The payment schedule shall consist of:

\* The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☑ **Constant Payments:** The Debtor will pay **$850.00** per month for **60** months.

☐ **Variable Payments:** The Debtor will make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3 Mode of Payment.** Regular payments to the Trustee will be made from future income in the following manner:

*[Check one]*

☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑ Debtor will make electronic payments through the Trustee's authorized online payment system.

☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4 Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is

(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the

(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the

**2.5 Additional payments.** *[Check one]*

☑ **None.** *If "None" is checked, the rest of § 2.5 need not be completed.*

**2.6 Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 **$51,000.00** which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitute the **"Plan Base."**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1 Post-Petition Home Mortgage Payments** *[Check one]*

☐ **No Home Mortgage.** *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

☑ **Home Mortgage Maturing Before or During Plan Term.** *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 need not be completed.*

Debtor **Melissa Leidy Garcia**                                                              Case number **20-42079**

☑ **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date, the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's
principal residence.  The listed monthly payment amount is correct as of the Petition Date.  Such mortgage claims (other than
related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition
**Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a).** Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

*All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

| **Mortgage Lienholder** | **Property Address** | **Monthly Payment Amount by Debtor** | **Due Date of Monthly Payment** |
|---|---|---|---|
| 1. U S BANK | 3317 Wolfe Ct, Plano, TX 75025 | $3,568.16<br>Amount inc:<br>☑ Tax Escrow<br>☐ Insurance Escrow<br>☐ Other _____ | 15th |

**3.2 Curing Defaults and Maintenance of Direct Payment Obligations.** *[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.*

☑ **Cure Claims.**  On the Petition Date, the Debtor was delinquent on payments to satisfy certain secured claims or upon obligations
arising under an executory contract or an unexpired lease that the Debtor has elected to assume under § 6.1 of this Plan.  While
remaining current on all direct payment obligations (future installment payments) as each comes due under the applicable
contractual documents during the plan term (a "DPO"), the Debtor shall cure all such delinquencies through the Plan as listed
below (a "Cure Claim").  Each listed claims constitutes a separate class.  The total amount of each allowed Cure Claim will be paid
in full by the Trustee.  The Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount

If the automatic stay is terminated as to the property for which a Cure Claim exists at any time during the Plan Term, the next
distribution by the Trustee on such Cure Claim shall be escrowed pending any possible reconsideration of the stay termination.  If
the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the
holder of the Cure Claim and regular distributions on that Cure Claim shall be reinstituted.  In the event that the stay termination

Debtor **Melissa Leidy Garcia**                                              Case number **20-42079**

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| 1.<br>U S BANK<br><br>☐ Debt Maturing During Plan<br>☑ Debt Maturing After Completion of Plan<br>☐ Curing Assumed Executory Contract or Lease | 3317 Wolfe Ct, Plano, TX 75025 | $3,568.16 | $12,000.00 | 4.00% | Pro-Rata | $12,499.88 |

**3.3   Secured Claims Protected from § 506 Bifurcation.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.*

**3.4   Secured Claims Subject to § 506 Bifurcation.**

*[Check one]*

☐ **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

☑ **Claims Subject to Bifurcation.** The secured portion of each claim listed below (a "506 Claim") is equivalent to the lesser of:
(1) the value of the claimant's interest in the listed collateral or (2) the allowed amount of the claim. Each listed 506 Claim
constitutes a separate class. Each 506 Claim will be paid by the Trustee with post-confirmation interest accruing from the
Effective Date of the Plan at the plan rate stated below. If a 506 Claim is established as an oversecured claim, its holder is
entitled to an additional component of pre-confirmation interest calculated at the contract rate and payable for the period from

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 506 Claim, adequate
protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee
beginning in Month 1 of the Plan for the benefit of holders of allowed 506 Claims secured by personal property as authorized
by § 1326(a)(1)(C) and LBR 3015(c). Such payments shall be held by the Trustee solely for the benefit of the affected
secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the
earliest practicable time to holders of allowed 506 Claims secured by personal property as listed below,

Unless the Debtor invokes § 3.10 of this Plan to obtain a final valuation determination at the confirmation hearing regarding any
listed 506 Claim, or an agreement with the holder of any listed 506 Claim regarding the value of its collateral is otherwise
incorporated into the confirmation order, the value of collateral securing each 506 Claim is not finally determined upon the
confirmation of this Plan. Upon confirmation of this Plan, however, the Trustee is authorized to initiate monthly payments on an

| Debtor | **Melissa Leidy Garcia** | Case number | **20-42079** |

If the automatic stay is terminated as to the property securing a 506 Claim at any time during the Plan Term, the next distribution
by the Trustee on such 506 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay
termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of
the 506 Claim and regular distributions on that 506 Claim shall be reinstituted. In the event that the stay

| Claimant | Collateral Description | Adequate Protection Payment | Total Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|---|
| 1.<br>**Collin County Tax Assessor/Collector** | 3317 Wolfe Ct,<br>Plano, TX 75025 | Month 1 through _____ | $2,735.95 | $99,251.00 | 0.00% | Pro-Rata | $2,735.95 |

**3.5   Direct Payment of Secured Claims Not in Default.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

**3.6   Surrender of Property.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

**3.7   Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness
secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of
any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the

**3.8   Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the
Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as
may be directed by the Trustee. The Debtor must also pay all ad valorem taxes on property proposed to be retained by

**3.9   Lien avoidance.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

**3.10   Rule 3012 Valuation of Collateral.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

**3.11   Lien Removal Based Upon Unsecured Status.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

Debtor **Melissa Leidy Garcia**                                    Case number **20-42079**

| Part 4: | Treatment of Administrative Expenses, DSO Claims and Other Priority Claims |
|---|---|

**4.1  General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-
confirmation interest.  Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the
projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is

**4.2  Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto,

**4.3  Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is ___$4,000.00___.  The amount of ___$1,200.00___ was paid to the Debtor's attorney prior to the Petition Date.  The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☒ LBR 2016(h)(1);  ☐ by submission of a formal fee application.

**LBR 2016(h)(1):** If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee
shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the
rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that local
rule.  The Trustee is authorized to make the benchmark fee calculation and to recognize the proper

**Fee Application:** If the attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** d in LBR 2016(h)(1).  If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the
benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing

**4.4  Priority Claims:  Domestic Support Obligations ("DSO")** *[Check one]*

☒ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

**4.5  Priority Claims:  DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount** *[Check one]*

☒ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

**4.6  Priority Claims:  Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims** *[Check one]*

☒ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**5.1  Specially Classed Unsecured Claims.** *[Check one]*

☒ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

Debtor **Melissa Leidy Garcia**     Case number **20-42079**

**5.2 General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ **100% + Interest at**_____ ;

☐ **100% + Interest at**_____ **with no future modifications to treatment under this subsection;**

☒ **Pro Rata Share:** of all funds remaining after payment of all secured, priority, and specially classified claims.

**5.3 Liquidation Analysis: Unsecured Claims Under Parts 4 and 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims

approximately **$4,123.68** . Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or

## Part 6: Executory Contracts and Unexpired Leases

**6.1 General Rule - Rejection** The executory contracts and unexpired leases of the Debtor listed below **ASSUMED.** All other executory contracts and unexpired leases of the Debtor **REJECTED.**

*[Check one.]*

☒ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a

## Part 8: Nonstandard Plan Provisions

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

## Part 9: Miscellaneous Provisions

**9.1 Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2 Plan Distribution Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4; **(7)** specially classed unsecured claims under § 5.1; **(8)** general unsecured claims under § 5.2.

**9.3 Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized

Debtor **Melissa Leidy Garcia**     Case number **20-42079**

| Part 10: | Signatures |

**X** /s/ Gary G. Lyon     Date **10/19/2020**

**Signature of Attorney for Debtor(s)**

**X** /s/ Melissa Leidy Garcia     Date **10/19/2020**

**X** _____ Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording*
*and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than*

| Part 11: | Certificate of Service to Matrix as Currently Constituted by the Court |

I hereby certify that the above and foregoing document was served upon all of the parties as listed on the attached master mailing list (matrix) as
constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic

/s/ Gary G. Lyon
**Gary G. Lyon**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:  **Melissa Leidy Garcia**  CASE NO.  **20-42079**
*Debtor*

                                              CHAPTER  **13**
*Joint Debtor*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on October 19, 2020, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Gary G. Lyon**
Gary G. Lyon
Bar ID:OK 005585
Bailey and Lyon, Attorneys at Law
Attn: Gary G Lyon
6401 W. Eldorado Parkway
Suite 234
McKinney, TX  75070
(214) 620-2034

| | | |
|---|---|---|
| Abernathy Roeder Boyd & Hullett PC<br>1700 Redbud, Suite 300<br>McKinney TX 75069 | INTERNAL REVENUE SERVICE<br>P O BOX 7346<br>PHILADELPHIA PA  19101-7346 | SERVIS ONE, INC<br>dba BSI FINANCIAL SERVICES<br>314 S FRANKLIN ST<br>TITUSVILLE PA 16354 |
| BSI FINANCIAL SERVICES<br>P O BOX 679002<br>DALLAS TX 75267-9002 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia, PA  19101-7346 | U S BANK<br>CB DISPUTES<br>PO BOX 108<br>SAINT LOUIS MO 63166-0108 |
| Carey Ebert<br>500 N. Central Exprwy<br>Suite 350<br>Plano, Texas 75074 | Melissa Leidy Garcia<br>3317 WOLFE CT<br>PLANO TX 75025 | WELLS FARGO DEALER SERVICES<br>xxxxxxxxXXXX<br>P O BO 10709<br>RALEIGH NC 27605 |
| Collin County Tax Assessor/Collector<br>P O Box 8046<br>McKinney TX 75070 | PRESTIGE DEFAULT SERVICES<br>600 E JOHN CARPENTER FREEWAY<br>SUITE 200<br>IRVING TX 75062 | |